# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 17, 2013

No. 12-30582

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

STACEY H. WATSON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-189

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Appellant Stacey H. Watson ("Watson") pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Based on her relevant conduct, Watson's guideline range was 135 to 168 months of imprisonment. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

granted the Government's § 5K1.1 motion for substantial assistance and sentenced Watson to 72 months of imprisonment.

Watson contends that the district court's consideration of her relevant conduct in determining her sentence resulted in an unreasonable sentence. Because Watson preserved this issue before the district court, her argument is reviewed under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Watson pleaded guilty to count 8 of the indictment that charged her with possession with intent to distribute methamphetamine on May 5, 2011. On that day, Watson had possession of one gram of methamphetamine. However, count 8 did not provide a quantity of methamphetamine. The PSR calculated that over the years she was accountable for distribution of 4,592.7 grams of methamphetamine, which translates into approximately 4.6 kilograms. At sentencing, defense counsel stated that Watson "would stipulate that the overall amount of drugs involved by all participants in the conspiracy would be at or above 1.5 kilograms." Nonetheless, defense counsel continued to object to the use of her relevant conduct in light of her plea to the one count in which she physically possessed only one gram.

The guidelines provide that if the offense involves at least 1.5 kilograms but less than 5 kilograms, the base offense level is 34. § 2D1.1(c)(3). The district court granted a 3-point reduction based on her acceptance of responsibility, bringing the offense level down to 31. With a criminal history category of III, the guideline range was 135 to 168 months. The Government moved for a downward departure for substantial assistance pursuant to § 5K1.1. The district court granted the motion and downwardly departed to a sentence of 72 months.

This claim will afford Watson no relief. Section 1B1.3(a)(1)(B) of the guidelines provides that a defendant's base offense level "shall be determined" based on relevant conduct. On appeal, Watson does not make an argument

challenging the factual determination of her relevant conduct.  Thus, Watson has not shown that the district court committed procedural error in using the relevant conduct to determine her base offense level.  This Court has "held that a sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Here, the district court properly calculated Watson's offense level based on her relevant conduct and then downwardly departed based on her substantial assistance.  Watson has shown neither that the district court abused its discretion nor that her sentence is unreasonable.

For the above reasons, the district court's judgment is AFFIRMED.